IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF PENNSYLVANIA

CRAIG D. MURPHY,               )
                               )
           Plaintiff,      )
                               )
  -vs-                     )
                          Civil Action No.  05-1651
                               )
NATIONAL CITY BANK OF CLEVELAND and THE )
HARLAND CORPORATION,       )
                               )
           Defendants.    )

AMBROSE, Chief District Judge.

# OPINION
## and
## ORDER OF COURT

### SYNOPSIS

Defendants, National City Bank of Cleveland and John H. Harland Company, have filed Motions to Dismiss the Complaint based on Rules 12(b)(1) and 12(b)(6). (Docket Nos. 6 and 9). *Pro Se* Plaintiff, Craig Murphy, has filed a Brief In Opposition thereto.  (Docket No. 15).  After careful consideration of the submissions of the parties, and based on my Opinion set forth below, the Motion to Dismiss at Docket No. 6 is granted and the Motion to Dismiss at Docket No. 9 is denied as moot.

### I. BACKGROUND

*Pro Se* Plaintiff, Craig D. Murphy, filed his complaint against National City Bank of Cleveland and John H. Harland Company.  (Docket No. 3).  Therein, Plaintiff asserts

that this case is brought to recover money damages from Defendants "as a result of their wrongful dishonor of the Plaintiff's negotiable instrument in the form of a draft or check when the Defendants had a duty to do so" pursuant to U.C.C. §4-402. *See,* Complaint, ¶1.  Defendant, National City Bank of Pennsylvania, misidentified as National City Bank of Cleveland, filed a Motion to Dismiss for lack of diversity jurisdiction (both diversity and amount in controversy) and based on the statute of limitations.  (Docket No. 6).  Defendant, John H. Harland Company,  filed a Motion to Dismiss for the following reasons: 1) lack of diversity jurisdiction for failure to satisfy the amount in controversy; 2) barred by the statute of limitations; 3) barred by the economic loss doctrine; and 4) failure to state a cause of action.  (Docket No. 9).  *Pro Se* Plaintiff has responded thereto.  (Docket No. 15).  The issues are now ripe for review.

## II. <u>LEGAL ANALYSIS</u>

### A.  <u>Standard Of Review</u>

A motion to dismiss under Rule 12(b)(1) of the Federal Rules of Civil Procedure challenges the jurisdiction of the court to address the merits of the plaintiff's suit. Fed. R. Civ. P. 12(b)(1).  In other words, it "attacks . . . the right of a plaintiff to be heard in Federal court." *Cohen v. Kurtzman*, 45 F. Supp.2d 423, 428 (D. N.J. 1999).  A Rule 12(b)(1) attack may argue that the plaintiff's federal claim is immaterial and made solely for the purpose of obtaining federal jurisdiction, is insubstantial and frivolous or, alternatively, the attack may be directed at "the existence of subject matter jurisdiction in fact." *Mortensen v. First Federal Sav. & Loan Ass'n*, 549 F.2d 884,

891 (3d Cir. 1977). In a Rule 12(b)(1) motion based on the existence of jurisdiction, no presumption of truthfulness attaches to the allegations of the plaintiff (in contrast to the presumption applied under a Rule 12(b)(6) motion or a Rule 12(b)(1) motion based on immateriality). *Id.* The plaintiff bears the burden of persuading the court that it has jurisdiction as compared to the burden of the defendant under a Rule 12(b)(6) motion of convincing the court that the plaintiff has failed to state a claim. *Kehr Packages, Inc. v. Fidelcor, Inc.*, 926 F.2d 1406, 1409 (3d Cir. 1991), *cert. denied*, 501 U.S. 1222 (1991). Because the court must determine whether jurisdiction exists before it may proceed to the merits of a case, the court may make factual findings which are decisive to the issue. *Cohen,* 45 F.Supp.2d at 429, *citing Employers Ins. of Wausau v. Crown Cork & Seal Co.*, 905 F.2d 42, 45 (3d Cir. 1990). If I determine that this Court does not have subject matter jurisdiction over the case, I must dismiss the action. *Robinson v. Dalton*, 107 F.3d 1018, 1020 (3d Cir. 1997).

In deciding a Motion to Dismiss pursuant to 12(b)(6), all factual allegations and all reasonable inferences therefrom, must be accepted as true and viewed in the light most favorable to the plaintiff. *Colburn v. Upper Darby Township*, 838 F.2d 663, 666 (3d Cir. 1988), *cert. denied,* 489 U.S. 1065 (1988). I may dismiss a complaint only if it appears beyond a reasonable doubt that the plaintiff can prove no set of facts in support of his claims which would entitle him to relief. *Conley v. Gibson,* 355 U.S. 41, 45 (1957). In ruling on a motion for failure to state a claim, I must look to "whether sufficient facts are pleaded to determine that the complaint is not frivolous, and to provide defendants with adequate notice to frame an answer."

*Colburn,* 838 F.2d at 666.

While a court will accept well-pleaded allegations as true for the purposes of the motion, it will not accept legal or unsupported conclusions, unwarranted inferences, or sweeping legal conclusions cast in the form of factual allegations. *See, Miree v. DeKalb County, Ga.,* 433 U.S. 25, 27 n. 2 (1977). Moreover, the plaintiff must set forth sufficient information to outline the elements of his claims or to permit inferences to be drawn that these elements exist. *See,* Fed. R. Civ. P. 8(a)(2); *Conley,* 355 U.S. at 45-46. Thus, when ruling upon a 12(b)(6) motion, a district court is limited to considering the facts as they are alleged in the complaint, anything properly attached thereto and matters of public record.   FED. R. CIV. P. 12(b)(6); 10(c).   In addition, courts may consider exhibits that the defendant attaches to its motion to dismiss if they are undisputedly authentic and the plaintiff's complaints are based on them. *Pension Ben. Guar. Corp. v. White Consol. Industries, Inc.,* 998 F.2d 1192 (3d Cir.1993).

In addition, courts must hold the allegations in a *pro se* complaint "to less stringent standards than those drafted by lawyers." *Haines v. Kerner,* 404 U.S. 519, 520 (1972).  Courts must also construe *pro se* complaints liberally.  *Id.*

**B.  Subject Matter Jurisdiction**

Since jurisdiction is a threshold matter, I address this issue first.  The subject matter jurisdiction of this Court is based on diversity pursuant to 28 U.S.C. §1332. *See,* Complaint, ¶2.  Section 1332(a) provides as follows:

> (a)  The district courts shall have original jurisdiction of all
> civil actions where the matter in controversy exceeds the

> sum or value of $75,000, exclusive of interest and costs,
> and is between--(1) citizens of different States;
>
> > (2) citizens of a State and citizens or subjects
> > of a foreign state;
> >
> > (3) citizens of different States and in which
> > citizens or subjects of a foreign state are
> > additional parties; and
> >
> > (4) a foreign state, defined in section 1603(a)
> > of this title, as plaintiff and citizens of a State
> > or of different States.

28 U.S.C. §1332(a). Defendant, National City Bank of Pennsylvania, asserts that there is no diversity jurisdiction because there is not complete diversity between the Plaintiff and the Defendants and the amount in controversy does not exceed $75,000.00. (Docket No. 6, ¶16). With regard to diversity between the parties, National City Bank of Pennsylvania asserts that the named Defendant, National City Bank of Cleveland, is misidentified and the true Defendant is National City Bank of Pennsylvania. (Docket No. 6, p. 1). National City Bank of Cleveland is not a legal entity and does not exist. *Id.* at ¶¶12, 17; *see also,* Docket No. 16. National City Bank of Pennsylvania asserts that Plaintiff's account was maintained at National City Bank of Pennsylvania. *Id.* at 12; docket No. 16, ¶4. According to National City Bank of Pennsylvania and the assistant secretary of National City Corporation, National City Bank of Pennsylvania is a national banking association with its principal place of business at Pittsburgh, Pennsylvania. *Id.* at ¶13 and Exhibit 9; Docket No. 16, ¶4. On the other hand, National City Bank is a national banking association with its principal place of business at Cleveland, Ohio, which has no relationship with Plaintiff or any

account held by Plaintiff and does not do business in Pennsylvania. *Id.* at 14 and Exhibit 9; Docket No. 16, ¶¶3-5. The two banks are separate legal entities. Docket No. 16.

In response, Plaintiff asserts that "National City Bank of Pennsylvania and National City is the same entity." (Docket No. 15, p. 2). As support for this proposition, Plaintiff directs this Court to Exhibit 1, which according to Plaintiff is the agreement section of the business account agreement. Exhibit 1 appears to be a standard form. (Docket No. 15, Exhibit 1). Under the term "Agreement" it states that when the term "Bank" is used it means one of the following: "National City Bank, National City Bank of Indiana, National City Bank of Kentucky, National City Bank of Pennsylvania or National City Bank of Southern Indiana, each a national bank, or The Madison Bank and Trust Company, an Indiana bank." *Id.* Plaintiff's reliance on this sentence for the proposition that these entities are the same is incorrect. The statement does not mean that National City Bank of Pennsylvania and National City are the same legal entity or that they have the same principal place of business. To the contrary, the statement only means what it says, that is, that when the term "Bank" is used in the agreement, it means that it is referring to only one of the listed banks.

There is no evidence that there is a legal entity called the "National City Bank of Cleveland." In addition, there is no evidence that Plaintiff's account was with "National City Bank." Rather, the evidence supports the conclusion that Plaintiff's account was with the National City Bank of Pennsylvania.

6

Pursuant to 28 U.S.C. § 1332(c), for purposes of diversity jurisdiction, a corporation is a citizen of both the state of its incorporation and the state in which it has its principal place of business.  Thus, National City Bank of Pennsylvania, with its principal place of business in Pittsburgh, Pennsylvania, is a citizen of Pennsylvania, for purposes of diversity.   Therefore, there is no diversity among the parties.  As a result, this Court has no jurisdiction over this matter.   Consequently, this case must be dismissed with prejudice based on a lack of jurisdiction pursuant to Rule 12(b)(1).[1]

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

---

[1]Because this case is brought by a *pro se* Plaintiff, this Court notes that even if it had diversity jurisdiction, amendment would be futile based on the statute of limitations.  The statute of limitations for a violation of 13 Pa. C.S.A. §4401, *et seq.*, is three years.  13 Pa. C.S.A. §4111. Plaintiff's Complaint was filed on December 9, 2005.  (Docket No. 3).  Therein, he alleges that the violation occurred on November 24, 2001 (Docket No. 3, ¶5), which is well beyond the three year statute of limitations.  In his response, Plaintiff attempts to argue that because he commenced an action against National City Bank of Cleveland on August 28, 2003, in a lower court, and because that case has not been settled, his claim in federal court is not barred by the statute of limitations.  The date a case was filed by Plaintiff against these Defendants in a different case filed in a lower court is of no import.  Consequently, even if this Court had diversity jurisdiction, the claim would still be dismissed based on the statute of limitations.

IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CRAIG D. MURPHY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| -vs- | ) | |
| | | Civil Action No.  05-1651 |
| NATIONAL CITY BANK OF CLEVELAND and THE | ) | |
| HARLAND CORPORATION, | ) | |
| | ) | |
| Defendants. | ) | |

AMBROSE, Chief District Judge.

## ORDER OF COURT

AND now, this **28th** day of June, 2006, upon consideration of Defendants' Motions to Dismiss (Docket Nos. 6 and 9), it Ordered as follows:

1.  The Motion to Dismiss at Docket No. 6, is granted and the case is dismissed with prejudice based on the lack of diversity jurisdiction; and

2.  The Motion to Dismiss at Docket No. 9, is denied as moot, the case already having been dismissed for lack of jurisdiction.   Judgment is entered in favor of Defendant and against Plaintiff. This case is closed forthwith.

BY THE COURT:

/S/   Donetta W. Ambrose

Donetta W. Ambrose,
Chief U. S. District Judge